UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN L. BURNS and
DENNIS J. BURNS,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as trustee for NovaStar Mortgage
Funding Trust, Series 2006-5 NovaStar Home
Equity Loan Asset-Backed Certificates, Series
2006-5, and

OCWEN LOAN SERVICING, LLC,

    Defendants.
                                        /

File No. 1:15-cv–264

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Plaintiffs Carolyn L. Burns and Dennis J. Burns bring this action to set aside the foreclosure sale of their home in Traverse City, Michigan. Defendants are Deutsche Bank National Trust Company ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen"). Before the Court is Defendants' motion to dismiss the action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion will be granted.

I.

According to the complaint, Plaintiffs executed a mortgage on their home on August 15, 2001. The mortgage was assigned from Mortgage Electronic Registration Services, Inc., to Deutsche Bank in January 2011. Shortly thereafter, Ocwen began servicing the loan. In early March 2014, Plaintiffs spoke with a representative of Ocwen to request a modification of their loan. Plaintiffs received a letter from Ocwen on or about April 9, 2014, advising that they needed to submit a complete and executed copy of a Request for Mortgage Assistance application by June 16, 2014. (4/9/2014 Letter, Ex. A to Compl., ECF No. 1-1, Page ID#24.) Plaintiffs allege that they submitted a completed application to Ocwen "well before" the June 16 deadline. (Compl. ¶ 13, ECF No. 1-1.) On or after May 5, 2014, however, Plaintiffs received another letter from Ocwen informing them that they did not qualify for a loan modification because their home was scheduled for a foreclosure sale within seven days. After Plaintiffs received this letter, they called Ocwen several times to determine why the home was already scheduled for sale if they had until June 16, 2014, to submit a loan-modification application. They did not receive a response. Deutsche Bank proceeded with a Sheriff's sale and purchased the home as the highest bidder on May 7, 2014.

Plaintiffs brought this action in state court in December 2014. Defendants removed the action to this Court because some of Plaintiffs' claims arise under federal law. In Count I of the complaint, Plaintiffs contend that Ocwen violated 12 C.F.R. § 1024.41 by failing to provide a loan modification option before conducting a foreclosure sale. In Count II,

Plaintiffs contend that Ocwen violated 12 C.F.R. § 1024.36 by failing to respond to Plaintiffs' requests for information in a timely manner. In Count III, Plaintiffs contend that Ocwen fraudulently misrepresented that Plaintiffs could submit their loan-modification application on or before June 16, 2014, and Plaintiffs relied on this misrepresentation to their detriment. As relief, Plaintiffs ask the Court to set aside the Sheriff's sale and to award damages sustained by Plaintiffs as a result of Defendants' actions.

## II.

A Rule 12(b)(6) motion to dismiss requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). A complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff must allege facts that "state a claim to relief that is plausible on its face," and that are sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at

555, 570.

When presented with a motion to dismiss under Rule 12(b)(6), the Court may consider the complaint, "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## A. Count I: RESPA (12 C.F.R. § 1024.41)

Plaintiffs claim that Ocwen violated 12 C.F.R. § 1024.41, a regulation promulgated pursuant to section 1022(b) of the Dodd-Frank Act, 12 U.S.C. § 5512(b), and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601.  Specifically, Plaintiffs cite § 1024.41(g), which prohibits a loan servicer from foreclosing on a property if the borrower has submitted a "complete loss mitigation application" more than 37 days before the sale. A complete loss-mitigation application is one "in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."  12 C.F.R. § 1024.41(b)(1).  Section 1024.41(g) does not apply, however, because Plaintiffs do not allege that they submitted a complete loss-mitigation application more than 37 days prior to the foreclosure sale.  Plaintiffs do not allege precisely when they submitted their application, but they concede that they received the application form and the list of documents necessary to complete it on or after April 9, 2014.  (*See* Pl.'s Resp. to Mot. to Dismiss 7, ECF No. 19.)

4

Even assuming that Plaintiffs completed the application and submitted it to Ocwen that same day, it would have been received by Ocwen less than 37 days prior to the sale on May 7, 2014.

Plaintiffs contend that Defendants were in control of the foreclosure sale and could have delayed it until after reviewing Plaintiffs' application; however, nothing in § 1024.41 required Defendants to do so. Thus, Plaintiffs do not state a claim under 12 C.F.R. § 1024.41.

**B. Count II: RESPA (12 C.F.R. § 1024.36)**

Plaintiffs also claim that Ocwen violated 12 C.F.R. § 1024.36 when it failed to respond in a timely manner to Plaintiffs' requests for information. Section 1024.36 requires a servicer to respond within 10 business days to the borrower's request for information where the request pertains to "the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan[,]" and to respond within 30 business days for all other requests for information. 12 C.F.R. § 1024.36(d)(2)(i). Plaintiffs spoke with a representative of Ocwen in early March 2014 to request a loan-modification application, but they did not receive one until April 9, 2014, at the earliest. In addition, Plaintiffs called Ocwen several times after May 5, 2014, to request more information about the denial of their application, but they did not receive a response. These allegations fail to state a claim because the requirements of § 1024.36 expressly apply to *written* requests for information. *See* 12 C.F.R. § 1024.36(a). ("A servicer shall comply with the requirements of this section

5

for any *written* request for information from a borrower . . . .") (emphasis added); *see also* 12 U.S.C. § 2605(e)(1) (requiring the servicer to respond to a "qualified written request" from the borrower, which is defined, in part, as a "written correspondence"). Thus, Ocwen did not violate the requirements of 12 C.F.R. § 1024.36 by failing to respond in a timely manner to Plaintiffs' phone calls and oral requests for information.

**C.  Count III:  Fraudulent Misrepresentation**

Finally, Plaintiffs claim that Defendants falsely represented that Plaintiffs could submit a complete loan-modification application by June 16, 2014, but then Defendants scheduled their home for a foreclosure sale on May 7, 2014.  A claim for fraudulent misrepresentation requires a plaintiff to establish that:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Bergen v. Baker*, 691 N.W.2d 770, 774 (Mich. Ct. App. 2004) (quotation marks and citations omitted).

Plaintiffs allegedly relied on the April 9, 2014 letter from Ocwen, which states that Plaintiffs' loan-modification application "should be submitted by 6/16/2014," and that after the application is received it will be sent to underwriting for a determination of eligibility. (Ex. A. to Compl.)  The letter also states that steps may be taken to proceed with foreclosure,

but the applicant "will not lose [his] home during the evaluation process . . . ." (*Id.*) This letter is not signed.

Plaintiffs' fraud claim is subject to the statute of frauds applicable to financial institutions, Mich. Comp. Laws § 566.132. Under that statute, an action may not be brought against a financial institution[1] to enforce a promise to "modify, or permit a delay in repayment or performance of a loan, . . . or other financial accommodation," unless it "is in writing and signed with an authorized signature by the party to be charged" with the promise. Mich. Comp. Laws § 566.132(1)-(2). "The language of this statute is unambiguous and should be read as an 'unqualified and broad ban' of any claim—'no matter its label'—against a financial institution to enforce the terms of an oral promise waiving a loan provision." *Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468-69 (6th Cir. 2012) (quoting *Crown Tech. Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000)). Plaintiffs contend that Ocwen promised to delay the foreclosure sale in order consider their application, if Plaintiffs submitted a complete application by June 16, 2014. This promise amounts to a "financial accommodation" under the statute of frauds. *See FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL 2313612, at *2 (Mich. Ct. App. Aug. 10, 2006) ("[A]n agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation'

---

[1] A "'financial institution' means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, [or] a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act . . . or an affiliate thereof." Mich. Comp. Laws § 566.132(3). Plaintiffs allege in the complaint that Deutsche Bank is a national banking organization. The Court takes judicial notice that Ocwen is licensed under Michigan's mortgage brokers, lenders, and servicers licensing act. *See* Mich. Dep't of Ins. & Fin. Servs., Mortgage & Consumer Finance Licensees Search Results for "Ocwen" at http://difs.state.mi.us/fis/ind_srch/ConsumerFinance/ (visited July 31, 2015).

within the scope of MCL 566.132(2)(a)."); *accord Williams*, 508 F. App'x at 469. Defendants' alleged promise is contained in an unsigned letter. Thus, Plaintiffs' fraud claim based on that promise is barred.

Even if the statute of frauds did not apply, the principal relief sought by Plaintiffs–setting aside the foreclosure sale–is not available to them in this action. Michigan law gives a mortgagor six months after the sheriff's sale in which to redeem the property. Mich. Comp. Laws § 600.3240(8); *see also Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir. 2012). Once this statutory redemption period lapses, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *see* Mich. Comp. Laws § 600.3236. At that point, courts can set aside a foreclosure sale only if the mortgagor has made "a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969). Not just any type of fraud or irregularity will suffice; "[t]he misconduct must relate to the foreclosure procedure itself." *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013) (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000)). Consequently, fraud that occurs in connection with the loan modification process is not sufficient, because that process is separate from the foreclosure proceedings. *Campbell v. Nationstar Mortg.*, No. 14–1751, 2015 WL 2084023, at *5 (6th Cir. May 6, 2015) (dismissing claim that mortgagee failed to review a loan modification application after it sent the borrower a letter informing her that it would not proceed with foreclosure during the

evaluation of her application). Likewise, because Plaintiffs filed this action more than six months after the sale of their home, the Court cannot set aside that sale based on fraud by Ocwen in connection with the loan-modification process.

Plaintiffs also seek damages, but they do not allege any facts that would support a claim for damages due to Defendant's alleged fraud. Notably, Plaintiffs do not allege facts from which to infer that they relied on the June 16 date in the letter, let alone that they suffered damages as a result of that reliance. Indeed, Plaintiffs contend that they submitted their application "immediately" after receiving it, "well before" the date in the letter. (Pl.'s Resp. to Mot. to Dismiss 3, 7.) In other words, Plaintiffs acted immediately after receiving the application; they did not wait to act based on the date set forth in the letter. Thus, for all the foregoing reasons, the fraud claim will also be dismissed.

### III.

In summary, Defendants' motion to dismiss will be granted and Plaintiffs' action will be dismissed for failure to state a claim. Defendants' motion also seeks an award of costs and attorney fees for defending the action, but the parties have not addressed this issue in their briefing; thus, the Court does not address it in this Opinion. Defendants may request costs and/or fees by filing a separate motion within the appropriate time.

An Order and Judgment will be entered that are consistent with this Opinion.

Dated: August 17, 2015                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE